IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

IN RE:

Paris N Winston

Case No.: 17-00117

Judge: Debra L. Thorne

Chapter: 13

, Debtor(s)

## NOTICE OF MOTION-

TO:   See Attached Service List

PLEASE TAKE NOTICE THAT on <u>June 7, 2017, at the hour of 9:30 a.m</u>., a MOTION TO DETERMINE VALUE OF SECURITY AND RELEASE OF SECOND MORTGAGE OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT'S UNDERLYING LIEN OF DEBTOR'S PRPERTYshall be heard before the Honorable Debra L. Thorne of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 613 at 219 South Dearborn, Chicago, Illinois. A copy of same is attached hereto and thereby served upon you. You may appear if you so see fit.

/s/ Salvador J. Lopez

Salvador J. Lopez
ARDC # 6298522
Robson & Lopez LLC
180 W. Washington, Suite 700
Chicago, IL 60602
(312) 523-2021

## CERTIFICATE OF SERVICE

I, Salvador J. Lopez, an attorney, certify that the above captioned MOTION TO DETERMINE VALUE OF COLLATERAL AND TO RELEASE WELLS FARGO BANK, NA'S UNDERLYING LIEN OF COLLATERAL were served electronically upon the parties who receive notice via CM/ECF filing, and as indicated below on parties via certified first class mail with postage prepaid on May 17, 2017 from 180 W. Washington, Suite 700, Chicago, IL 60602.

/s/ Salvador J. Lopez

# SERVICE LIST

*Marilyn O. Marshall
Chapter 13 Trustee
courtdocs@chi13.com

*Patrick Layng
US Trustee
USTPRegional11.ES.ECF@usdoj.gov

*Steven C. Lindberg
For Wells Fargo Bank, NA
bankruptcy@fallaw.com

U.S. Department of Housing and Urban Development
c/o Novad Management Consulting, LLC
2401 N.W. 23rd Street, Suite 1A1
Oklahoma City, OK 73107
**Via Certified First Class Mail**

U.S. Department of Housing and Urban Development
c/o United States' Attorneys' Office
Northern District of Illinois, Eastern Division
219 S. Dearborn, 5th Floor
Chicago, IL 60604
**Via Certified First Class Mail**

Paris N. Winston
15104 Woodlawn
Dolton, IL 60617
**Via First Class Mail**

```
+Capital One Auto Finance,   Attn: Bankruptcy Dept,   PO Box 30258,
  Salt Lake City, UT 84130-0258
 Credence Resource Mgmt,   PO Box 2390,   Southgate, MI 48195-4390
+Fed Loan Servicing,   PO Box 69184,   Harrisburg, PA 17106-9184
+Fed Loan Sevicing,   PO Box 69184,   Harrisburg, PA 17106-9184
+Fed Loan Srvcg,   PO Box 69184,   Harrisburg, PA 17106-9184
+Harris & Harris,   111 W Jackson Blvd,   Suite 400,   Chicago, IL 60604-4135
 ICS,   PO Box 1010,   Tinley Park, IL 60477-9110
+ICS/Illinois Collection Service,   PO Box 1010,   Tinley Park, IL 60477-9110
+Lansing Animal Hospital,   17916 Torrence Avenue,   Lansing, IL 60438-1892
+Robson & Lopez LLC,   180 W. Washington,   Suite 700,   Chicago, IL 60602-2318
+Southside Cu,   5401 S Wentworth Ave,   Chicago, IL 60609-6300
 Wells Fargp Home Mortgage,   Written Correspondence Resolutions,   MAC#2302-04E-  POB 10335,
  Des Moines, IA 50306
```

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

IN RE:

Paris N Winston

, Debtor(s)

Case No.: 17-00117

Judge: Debra L. Thorne

Chapter: 13

**MOTION TO DETERMINE VALUE OF SECURITY AND RELEASE
OF SECOND MORTGAGE OF THE U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT'S UNDERLYING LIEN OF DEBTOR'S PROPERTY**

NOW COME the Debtor, Paris N Winston (hereinafter "Debtor"), by and through his attorneys, Robson & Lopez LLC, and in support of her Motion to Determine Value of Security and Release of Second Mortgage Lien, state as follows:

1. On January 3, 2017, Debtor filed a voluntary petition for relief under Title 11 of the United States Code ("Bankruptcy Code").

2. This Honorable Court has jurisdiction over this adversary proceeding pursuant to §157 and §1334 of Title 28 U.S.C.

3. This is a core proceeding within the meaning of §157(B)(1) and (2) of Title 28 U.S.C.

4. Venue is proper pursuant to §1409 of Title 28 U.S.C.

5. This Honorable Court has not yet confirmed the Debtor's Chapter 13 Plan.

6. The U.S. Department of Housing and Urban Development ("HUD") is a domestic entity and an arm of the Executive Branch of the United States.

7.   The Debtor is the owner of property described as:

LOTS 43 AND 44 IN BLOCK 6 IN CALUMET TERRACE, A SUBDIVISION OF LOTS 2 TO 8, INCLUSIVE, IN A SUBDIVISION OF THE NORTH 515.10 FEET OF THE WEST 340.89 FEET OF THE SOUTHEAST 1/4 OF SECTION 11, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ALSO THE EAST 1064.5 FEET OF THE SOUTHWEST 1/4 OF SECTION 11, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, LYING NORTH OF THE RAILROAD, EXCEPTING THE WEST 75 FEET OF THE NORTH 290.4 FEET THEREOF, IN COOK COUNTY, ILLINOIS. SUBJECT TO: COVENANTS, CONDITIONS AND RESTRICTIONS OF RECORD. PRIVATE, PUBLIC AND UTILITY EASEMENTS, ROADS AND HIGHWAYS.

Permanent Index Number: 29-11-312-052-0000

Commonly described as: 15104 Woodlawn Ave., Dolton, IL 60419 (the "Property").

8.   The property is multi-unit property and the debtor's primary residence.

9.   Wells Fargo Bank, N.A. ("WFB") holds a first mortgage lien on the Property in the amount of $112,170.17.

10.  Debtor obtained an appraisal from a licensed real estate appraiser which determined that the value of the Property to be $83,500.00. A copy of the appraisal report is attached hereto as Exhibit A, and made a part hereof.

11.  By reason of the aforementioned, Debtor request that the Court enter an order valuing the property at $83,500.00.

12.  The first secured claim of WFB exceeds the actual value of the property.

13.  HUD holds a junior 2nd Mortgage on the property, originally in the amount of $29,549.37.

14. Under §506(a) of the Bankruptcy Code, HUDs' Third Mortgage would be an allowed secured claim only to the extent of the value of the estate's interest in the Property securing the claim, and HUDs' lien is void to the extent it is not an allowed secured claim.

15. Under §506(a) of the Bankruptcy Code, WFB's Mortgage would be an allowed secured claim only to the extent of the value of the estate's interest in the Property securing the claim, and WFB's lien is void to the extent it is not an allowed secured claim.

16. Because HUDs' Third Mortgage lien is wholly unsecured, it should not be allowed as a secured claim and the junior mortgage lien may be stripped off. *In re: Fair,* No. 10-C-1128, 2011 WL 14866021 (E.D. Wis. April 19, 2011); *In re: Oskosisi*, 2011 WL 2292148; *Inre: Mann*, 249 B.R. 831, 840, (1st Cir., BAP 2000); *In re: Pond*, 2002 U.S. App. Lexis 111287(2nd Cir., 2001); *In re: McDonald*, 205 F3rd 606 (3rd Cir., 2000); *Bartee v. Tara ColonyHomeowners Association (In re: Bartee)*, 212 F3rd 277 (5th Cir., 2000); *In re: Lam*, 211 B.R. 36(9th Cir., BAP 1997) appeal dismissed on the grounds, 192 F3rd 1309; *In re: Tanner*, 217 F3rd 7357 (11th Cir.).

17. Title 11 U.S.C. § 506(a) states in pertinent part: "(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim . . . ." Therefore, junior lien holders such as that held by HUD, whose claim is wholly unsupported by any equity in the encumbered property, is therefore not a "holder" of a secured claim within the meaning of §502, §506, §1322 and §1325 of the Bankruptcy Code.

18. HUD's claim should therefore be paid as a general unsecured claim as listed in §E8 of Debtor' Chapter 13 Plan and will be discharged upon entry of a discharge order issued by the Court, and Chase's lien encumbering the Property will be deemed released.

19. HUD's lien should be cancelled pursuant to §506 of the Bankruptcy Code.

WHEREFORE, Debtors pray that this Honorable Court enter an order:

A. Valuing the Property at $83,500.00;

B. B. Entering Judgment against HUD determining that the Third Mortgage lien is wholly unsecured under §11 U.S.C. 506(a) given the value of the Property and the amount of the senior first mortgage lien held by WFB;

C. That HUD's claim should therefore be paid as a general unsecured claim;

D. That HUD's second mortgage lien encumbering the property will be deemed release contingency upon entry of an order of discharge; and

E. For such other further relief that this Court deems just.

Respectfully submitted,

/s/ Salvador J. Lopez

Attorney for Debtor

Salvador J. Lopez
ARDC # 6298522
Robson & Lopez LLC
180 W. Washington, Suite 700
Chicago IL, 60602
(312) 523-2021

4